### HOLLAND v. RYAN.

(Supreme Court, Appellate Term. February 28, 1905.)

CONTRACTS—EXECUTION—EVIDENCE.

>    Evidence of defendant that plaintiff seemed pleased that everything had been straightened out, and particularly the payments for labor and materials to be furnished, and thought that defendant was liberal in them, and that defendant told plaintiff he would have a stenographer typewrite the contract, and that, if plaintiff would call the succeeding day, it would be ready for signature, was insufficient to show an agreement between the parties on the basis of the terms so specified, it appearing that the written contract was never made, owing to a final disagreement as to its terms.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by David Holland against Peter J. Ryan. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Modified.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.

Frank L. Ryan, for appellant.
Harry A. Bloomberg, for respondent.

PER CURIAM. We can discover in this case nothing but a conflict of evidence, and can see no reason for disturbing the decision of the trial justice on the main issue. A written contract covering the work done, and much more, was doubtless originally contemplated and was expected by both parties to be finally made, which would have superseded the provisional and preliminary agreement testified to and sued upon, for the actual cost of the labor and material furnished and 10 per cent. profit added. That written contract was never made, however, there being a final disagreement as to its terms. It is claimed in the brief that the defendant testified without contradiction that the terms were agreed upon between him and the plaintiff at the interview of September 12th, but reference to the record shows that all that was testified to was that the plaintiff "seemed pleased that everything was straightened out, and particularly the payments, as he thought apparently that I was very liberal in them. So I told him that I would have the stenographer typewrite it, and if he would call in to-morrow evening it would be ready for signing." There is no statement here, even in the form of a conclusion, that the plaintiff agreed to do anything, or even expressed approval of anything. We are of the opinion, however, that the item of $126.31 for "over all expenses 742 hours at 17 cts.," was not sufficiently proven to warrant its allowance. Consequently this amount, with $12.63, the 10 per cent. profit on the

same, making a total of $138.94, should be deducted, together with $5 of costs.

The judgment should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event, unless the plaintiff stipulate to a reduction by the said sum of $143.94, in which event .the judgment will be affirmed as so modified, without costs.